FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:  316-267-6345

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RON KEYS, MAYA GATES, JERMAL MCCALL, | ) | |
| TAWANDA REESE, CLYDE ADAMS, WILLIAM | ) | |
| BAILEY, STEVE BALBONI, PEDRO M. BARRIOS, | ) | |
| MICHELLE BEARD, ROBERT BLAIN, ROBERT | ) | |
| D. BLAIN CLIFTON BOYD, JAMES BRANTNER, | ) | |
| WAYNE BRICKER, EUGENE BUSH, WOODWARD | ) | |
| K. BUTH, KENNETH CALLENDER, SAMUEL | ) | |
| CAMACHO, JENNIFER CATALDO, ANGELA | ) | |
| CHRISTIAN, DANNY E. COLLINS, CLARA | ) | Case No. 07-1047-JTM |
| COLON, BOBBY JOE COUNCIL, BRIAN CRAWLEY, | ) | |
| THOMAS W. CUNNINGHAM, RUFUS DAWKINS, | ) | |
| IRA DEASY, GIRALDO DIAGO, KELLY FIERS, | ) | |
| WILLIAM FIERS, LARRY FOSTER, ANNETTE | ) | |
| FURY, JEANA GARDNER, CHARLES GILL, | ) | |
| MARY GODFREY, EDWARD GROSS, NATHAN | ) | |
| HAWKINS, PETER HUBERT, LORI A. HUMMEL, | ) | |
| JEWELL HUMPHRIES, KEVIN JOHNSON, | ) | |
| PHILLIP JOHNSON, TIM KUNSMAN, HONORIO | ) | |
| LISING, MIKE LOPEZ, CHRISTA LOUCK, RICKY | ) | |
| LOUCK, DAVID MADDOX, JOSEPH MARSHALL, | ) | |
| ARTHUR MCDONALD, LISA MCDONALD, | ) | |
| PATRICIA MCNEAL-SCHMATZ, JUSTIN MINTON, | ) | |
| KENNETH MITCHELL, THOMAS MORMAN, | ) | |
| RICHARD MORRIS, RICHARD MULLEN, DOMINIC | ) | |
| NAPOLITANO, KEVIN PHYALL, JASON PIKE, | ) | |
| SAMANTHA PIKE, DAVID RITTER, GUADALUPE | ) | |
| SALAZAR, JOSEPH SCHMITT, SAMUEL SHEARRY, | ) | |
| RICHARD SIMMONS, BENJAMIN STANLEY, | ) | |
| DONNA STOSS, EFREM TERRELL, TYRELL TERRY, | ) | |
| LACIE THURMAN, DANIEL TISDALE, MICHAEL | ) | |
| VELASQUEZ, JOSE VELEZ, RICHARD WACKER, | ) | |
| VICTOR WATSON, WILLIE R. WILLIAMS, | ) | |
| TIMOTHY WILM, THERESA WOOD, GLENN | ) | |
| WOODS, and KENNY ZIMMERMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No.  07-1047-JTM |

AKAL SECURITY, INC., KIIT COMPANY, INC.,    )
SIKH DHARMA OF NEW MEXICO, INC., and        )
UNTO INFINITY, LLC,                         )
                                            )
                                            )
              Defendants.                   )
                                            )
_____     )

## COMPLAINT

Plaintiffs, by and through their counsel of record, for their causes of action against the

Defendants, Akal Security, Inc., KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., Unto

Infinity, LLC, Fred Bucher, and James Kenoyer, allege and state as follows:

### Parties

1.     Plaintiff Ron Keys is an individual residing in the State of Kansas.

2.     Plaintiffs Maya Gates and Jermal McCall are individuals residing in the State of

Georgia.

3.     Plaintiff Tawanda Reese is an individual residing in the State of Oklahoma.

4.     Plaintiffs Clifton Boyd, Eugene Bush, Jennifer Cataldo, Brian Crawley, Charles Gill,

Jewell Humphries, Mike Lopez, Arthur McDonald, Lisa McDonald, Patricia McNeal-Schmatz,

Lacie Thurman, and Daniel Tisdale are individuals residing in the State of Kentucky.

5.     Plaintiffs Clyde Adams, William Bailey, Steve Balboni, Pedro M. Barrios, Michelle

Beard, Robert Blain, Robert D. Blain, James Brantner, Wayne Bricker, Woodward K. Buth, Kenneth

Callender, Samuel Camacho, Angela Christian, Danny E. Collins, Clara Colon, Bobby Joe Council,

Thomas W. Cunningham, Rufus Dawkins, Ira Deasy, Giraldo Diago, Kelly Fiers, William Fiers,

Larry Foster, Annette Fury, Jeana Gardner, Mary Godfrey, Edward Gross, Nathan Hawkins, Peter

Hubert, Lori A. Hummel, Kevin Johnson, Phillip Johnson, Tim Kunsman, Honorio Lising, Christa

Louck, Ricky Louck, David Maddox, Joseph Marshall, Justin Minton, Kenneth Mitchell, Thomas

Morman, Richard Morris, Richard Mullen, Dominic Napolitano, Kevin Phyall, Jason Pike,

Samantha Pike, David Ritter, Guadalupe Salazar, Joseph Schmitt, Samuel Shearry, Richard Simmons, Benjamin Stanley, Donna Stoss, Efrem Terrell, Tyrell Terry, Michael Velasquez, Jose Velez, Richard Wacker, Victor Watson, Willie R. Williams, Timothy Wilm, Theresa Wood, Glenn Woods, and Kenny Zimmerman are individuals residing in the State of Tennessee.

6.      Defendant Akal Security, Inc. ("Akal") is a corporation incorporated under the laws of the State of New Mexico.

7.      Akal's registered agent is Gurutej Singh Khalsa, whose address is Route 3, Box 137BB, Shady Lane, Espanola, New Mexico  87532.

8.      Akal's corporate headquarters is located at 7 Infinity Loop, Espanola, New Mexico 87532.

9.      Defendant KIIT Company, Inc. ("KIIT") is a corporation incorporated under the laws of the State of Nevada.

10.     Defendant KIIT's registered agent is Gary Vielle, whose address is 1650 Talking Sparow Dr., Sparks, NV 89436.

11.     Based upon information and belief, Defendant KIIT's corporate office principal address is located in Santa Cruz, N.M.

12.     Defendant Sikh Dharma of New Mexico, Inc. ("Sikh Dharma") is a corporation incorporated under the laws of the State of New Mexico.

13.     Sikh Dharma's registered agent is Guru Terath Singh Khalsa, whose address is Route 106 (by Cotton Clinic), Santa Cruz, N.M. 87532.

14.     Defendant Sikh Dharma's corporate office principal address is located at Route 2 Box 132-D, Espanola, N.M. 87532.

15.     Defendant Unto Infinity, LLC ("Unto Infinity") is a limited liability company organized under the laws of the State of Oregon.

16.    Defendant Unto's registered agent is SW&W Legal Services, Inc., whose address is 1211 S.W. Fifth Ave., Suite 1700, Portland, OR 97204.

17.    Defendant Unto's corporate office principal address is 29 State Highway 106, Espanola N.M. 87532.

## Jurisdiction and Venue

18.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19.    Venue properly lies in this Court by virtue of 28 U.S.C. § 1391(b).

## Facts

20.    Prior to December 31, 2004, Akal was wholly owned by the Sikh Darma of New Mexico, Inc. ("Sikh Darma").

21.    On December 31, 2004, all of Akal's issued and outstanding stock was assigned and transferred to Unto Infinity, LLC ("Unto Infinity").

22.    On January 1, 2005, Unto Infinity assigned and transferred all of the outstanding stock in Akal to KIIT Company, Inc. ("KIIT").  Akal has been a wholly owned subsidiary of KIIT from January 1, 2005, to the present.

23.    KIIT and Akal share management, employees, and sales and marketing methods. KIIT provides Akal with financial planning and support.

24.    KIIT and Akal constitute an integrated employer.

25.    Based upon information and belief, the same integrated employment relationship that exists between KIIT and Akal also existed between Sikh Dharma and Akal prior to December 31, 2004, and between Unto Infinity and Akal on December 31, 2004.

26.     Akal is engaged in the business of providing private security services.  Akal has operations in numerous states and employs approximately 15,000 persons.

27.     Akal provides security services to government and commercial clients, including: state, county, and city government facilities; international and regional airports; warehouses and industrial complexes; office buildings; financial institutions; universities and school districts; and research and development facilities.

28.     Akal also provides security services pursuant to contracts with the United States Government, including:  the U.S. Marshal's Service; U.S. Army; Federal Aviation Administration; General Services Administration; Internal Revenue Service; Immigration and Customs Enforcement; and National Aeronautical Space Administration.

29.     Akal employed and continues to employ individuals as security officers at U.S. Army bases and installations in New York, Virginia, Alabama, Georgia, Kentucky, North Carolina, Texas, Kansas, and Washington.

30.     Akal employed plaintiffs as security officers at Fort Stewart, Georgia, Fort Riley, Kansas, or Fort Campbell Kentucky.  Some of these individuals were also assigned additional duties as an Armoror.

31.     Akal pays security officers on an hourly basis.

32.     Security officers at Akal's U.S. Army facilities routinely work in excess of 40 hours per work week.

33.     Security officers at Akal's U.S. Army facilities are not always provided with overtime pay for time worked in excess of 40 hours per workweek.

34.     Security officers at Akal's U.S. Army facilities were often not provided with breaks for meals, and when they were provided with breaks they were required to remain at their posts.

35.     During the so-called meal breaks, which were unpaid, the security officers were not relieved of their job duties, but were required to assist at the gate as necessary and remain ready to immediately respond to any security incident.  The security officers were not permitted to remove their equipment and firearm and were otherwise significantly restricted in the personal activities in which they could engage during their break.

36.     Security officers at Akal's U.S. Army facilities are not always compensated for time worked before their scheduled start times, after their scheduled end times, and during scheduled lunch breaks.

37.     Security officers at Akal's U.S. Army facilities are not always compensated for time worked during company-provided training.

38.     At many of Akal's U.S. Army facilities, Akal did not track the actual hours worked by its security officers, but instead tracked only the scheduled hours based on the fixed shift starting and ending times.

39.     Through employee complaints and/or audits conducted by the United States Department of Labor, Akal was aware no later than February 2004 that security officers at its U.S. Army facilities were not getting their lunch breaks and that a number of security officers were entitled to overtime because they had been coming to work early and staying late at the direction of management.  Nevertheless, this overtime was not paid.

## Causes of Action

### Count I:   FLSA—Failure to Pay for All Overtime Hours Worked

40.     Plaintiffs incorporate by reference paragraphs 1 through 39 of this Complaint.

41.     Plaintiffs are subject to the maximum hour provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

42.     Plaintiffs worked more than 40 hours in each of various workweeks, but were not always provided with overtime pay for all time worked in excess of 40 hours in a workweek.

43.     Defendants, individually and/or collectively, knew or should have known the actual hours the Plaintiffs and other hourly security officers worked each week, and knew or should have known such employees routinely worked in excess of 40 hours in a workweek.

44.     Defendants, individually and/or collectively, knew or should have known Plaintiffs and other hourly security officers were entitled to overtime compensation for all time worked beyond 40 hours in a workweek at the rate of one and one-half times the employees' regular rates.

45.     Defendants, individually and/or collectively, willfully refused to provide Plaintiffs and other hourly security officers with additional compensation for the overtime hours such employees worked.

46.     Defendants' failure to pay all overtime due to hourly security officers is ongoing.

47.     Defendants' failure to pay overtime to Plaintiffs and other hourly security officers violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and renders Defendants jointly and severally liable to Plaintiffs and hourly security personnel for unpaid overtime, liquidated damages, interest, attorneys' fees, and costs.

### Count II:    Kentucky Wage and Hour Violations
### (Fort Campbell Plaintiffs Only)

48.     Plaintiffs employed by Akal in the state of Kentucky ("Kentucky Plaintiffs"), incorporate by reference paragraphs 1 through 47 of this Complaint.

49.     The Kentucky Plaintiffs have not always been provided with meal breaks and/or rest periods as required by Ky. Rev. Stat. §§ 337.355 and 337.365.

50.     Defendants' failure to pay wages for hours worked, as alleged above, and failure to provide mandatory rest and meal breaks, violates provisions of Kentucky Wages and Hours Law, Ky. Rev. Stat. § 337.010 *et seq.* and administrative regulations, 803 Ky. Admin. Reg. 1:005, and

constitutes a breach of contract with the Kentucky Plaintiffs that renders Defendants jointly and severally liable to Kentucky Plaintiffs for wages, liquidated damages, interest, civil penalties, attorneys' fees, and costs.

WHEREFORE, Plaintiffs request relief and pray for judgment against Defendants, jointly and severally, in an amount in excess of $75,000, as follows:

A.      Unpaid overtime for all overtime hours worked, calculated in the manner prescribed by the FLSA and/or Kentucky law (for Fort Campbell plaintiffs);

B.      Liquidated damages in an equal amount to Plaintiffs' lost and unpaid back wages, including benefits, and overtime;

C.      All costs, expenses, and attorneys' fees incurred;

D.      Pre-judgment interest, calculated at the maximum rate allowed by law;

E.      Post-judgment interest at the legal rate from the date of the judgment until paid in full;

F.      Civil penalties as prescribed by Kentucky law;

G.      Such other and further relief as the Court may deem just and appropriate.

Plaintiffs reserve the right to amend their demand for judgment as new information is discovered during the course of this case.

Respectfully submitted,

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone:  316-267-6371
Facsimile:  316-267-6345

By /s/ *Boyd A. Byers*

| | |
|---|---|
| A. Jack Focht | # 05679 |
| Boyd A. Byers | # 16253 |
| Forrest T. Rhodes | # 19567 |
| *Attorneys for Plaintiffs* | |

## **DEMAND FOR JURY TRIAL**

Plaintiffs, pursuant to Fed. R. Civ. P. 38(b), request a jury trial on all issues in the above-captioned matter.

/s/ *Boyd A. Byers*

Boyd A. Byers                    # 16253

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiffs designate Wichita, Kansas as the place of trial of this matter.

_/s/ Boyd A. Byers_
Boyd A. Byers                                    # 16253