IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RON KEYS, et al.,

        Plaintiffs,

vs.

        Case No. 07-1047-JTM

AKAL SECURITY, INC., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants' Akal Security, Inc. (Akal), KIIT Company, Inc., Sikh Dharma of New Mexico, Inc. And Unto Infinity, LLC, motion to dismiss (Dkt. No. 8), plaintiffs' motion to dismiss with prejudice (Dkt. No. 12), and plaintiffs' motion to strike portions of defendants' reply brief or, alternatively, for leave to file a surreply (Dkt. No. 15). For the reasons discussed below, the court denies defendants' motion to dismiss (Dkt. No. 8), grants plaintiffs' motion to dismiss with prejudice (Dkt. No. 12), and denies as moot plaintiffs' motion to strike portions of defendants' reply brief (Dkt. No. 15).

**I. Facts**

Plaintiffs comprise 174 employees or former employees of Akal, which is a private for-profit company that entered into contracts with the federal government to provide security services at several United States Army bases throughout the country. Akal employed plaintiffs as security guards at some of these Army bases. In the present action, plaintiffs allege claims for

violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., Kentucky Wage and Hour Law, KY. REV. STAT. § 337.010 et seq., Georgia Wage and Hour Law, GA. CODE ANN. § 34-4-1 et seq., Kansas Minimum Wage and Hours Law, KAN. STAT. ANN. § 44-1201, Texas Payment of Wages Act, TEX. LABOR CODE § 61.001 et seq., and Texas Minimum Wage Act, TEX. LABOR CODE § 62.001 et seq. (Dkt. No. 2).  Plaintiffs reside in ten different states and seek additional compensation from Akal due to claims that Akal failed to pay overtime, failed to provide uninterrupted meal breaks, failed to compensate for time worked during training, and failed to track actual hours worked.

Plaintiffs allege that the other defendants are former or current parent companies of Akal, which may be jointly and severally liable for Akal's alleged FLSA violations based on the integrated employer doctrine, piercing the corporate veil, and other similar theories.

## II.  Motions Before the Court

*1.  Venue*

When a defendant challenges venue under Rule 12(b)(3), the plaintiff bears the burden to show that venue is proper as to each claim.  *See Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1180 (D. Kan. 1998); *Gen. Bedding Corp. v. Echevarria*, 714 F. Supp. 1142, 1144 (D. Kan. 1989).  Because the FLSA does not contain a special venue provision, the general venue provision found in 28 U.S.C. § 1391 governs venue for FLSA claims.  *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004).  In a civil action where jurisdiction is not based on diversity, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2).  Therefore, the court must determine "whether the forum activities played a substantial role in the circumstances

leading up to the plaintiff's claim." *Multi-Media Intern., LLC v. Promag Retail Servs.*, 343 F. Supp. 2d 1024, 1033 (D. Kan. 2004) (citations omitted). The court need not determine where the defendants' activities were *most* substantial, but instead must ascertain "if substantial activities took place in Kansas related to the plaintiffs' claims." *Id.* "If the selected district's contacts are 'substantial,' it should make no difference that another's are more so, or the most so." *Id.* (citations omitted).

Defendants argue that all claims should be dismissed or transferred to the United States District Court for the District of New Mexico (Sante Fe Division), because venue is presently improperly laid in Kansas pursuant to 28 U.S.C. § 1391(b). Specifically, defendants claim that venue is not proper in Kansas because the defendants cannot all be "found" in the state, and that the substantial part of events alleged occurred in places other than Kansas. Defendants argue that plaintiffs' own allegations state that the events giving rise to the claim occurred in Georgia, Kentucky, Tennessee, Kansas, and Texas, all of which are locations of the military installations where plaintiffs alleged they worked and were not properly compensated. Based on the allegations, defendants argue that only a small fraction, rather than the necessary showing of a substantial part of the events, could have occurred in Kansas. Further, the defendants argue that the plaintiffs have failed to show that the forum selected has a substantial connection to each claim or to each defendant.

In support of its argument to transfer venue to New Mexico, the defendants cite the Complaint, which alleges that all defendants are located in New Mexico. Further, it argues that all defendants are either incorporated under the laws of New Mexico, have a registered agent in

New Mexico, or have their corporate office in New Mexico, thus making venue proper in New Mexico pursuant to 28 U.S.C. § 1391(b)(1).

The plaintiffs oppose defendants' motion to dismiss for lack of venue, and argue that venue is appropriate in Kansas because a substantial part of the events giving rise to the claims occurred in Kansas, and because defendants reside in Kansas for venue purposes. Plaintiffs argue that the federal venue statute, which is applicable in FLSA cases, provides three alternative ways of identifying proper venue, including the justification stated above.

The court concludes that venue in the District of Kansas is proper under § 1391(b). Even though it is true that a substantial part of the events giving rise to plaintiffs' claims occurred outside the district of Kansas, it is equally true that a substantial part of the events surrounding plaintiffs' claims occurred in Kansas, namely the failure to pay employees for all hours worked in Kansas. *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) (finding venue proper in Kansas in FLSA collection action even though vast majority of class members were located outside Kansas); *Wempe v. Sunrise Med. HHG, Inc.*, 61 F. Supp. 2d 1165, 1173 (D. Kan. 1999) (finding venue proper in Kansas even though the defendant's activities in Texas may have been more substantial). Notwithstanding the fact that New Mexico may arguably be a convenient venue, venue is also proper in the District of Kansas. The failure to pay employees for all hours worked in Kansas provides a sufficient connection between plaintiffs' claims and this district; accordingly, defendants' motion to dismiss for improper venue is denied.

*2. Motion to Dismiss State Law Claims*

In response to defendants' motion to dismiss the state law claims of the plaintiffs, the plaintiffs filed their own motion to voluntarily dismiss the state law claims with prejudice. (Dkt.

No. 12). Because plaintiffs did not oppose defendants' motion to dismiss the state law claims and further moved to dismiss their own claims, the defendants' motion to dismiss is moot and the plaintiffs' motion is granted; accordingly, Counts II, III, IV, and V of the Amended Complaint are hereby dismissed with prejudice.

*3. Motion to Strike Portions of Defendants' Reply Brief*

Defendants filed a reply to plaintiffs' response to defendants' motion to dismiss (Dkt. No. 14). In response to the defendants' reply, plaintiffs filed a motion to strike portions of defendants' reply brief or, alternatively, for leave to file a surreply (Dkt. No. 15). Because defendants' motion is denied, plaintiff's current motion is denied as moot.

IT IS ACCORDINGLY ORDERED this 14th day of March, 2008 that the defendants' motion to dismiss (Dkt. No. 8) is denied, plaintiffs motion to dismiss with prejudice (Dkt. No. 12) is granted, plaintiffs' motion to strike portions of defendants' reply brief or, alternatively, for leave to file a surreply is denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE