UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| RON KEYS, *et.al*, <br><br> Plaintiffs, <br><br> v. <br><br> AKAL SECURITY, INC., *et.al.* <br><br> Defendants. | Case No.  07-CV-01047-JTM-KMH <br><br><br> **JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

This Joint Stipulation of Settlement and Release ("JOINT STIPULATION")
is made and entered into by and between the NAMED PLAINTIFFS (defined in
Paragraph I.A(12) below) individually and the individuals who have filed Consent
Forms to join this case as OPT-IN PLAINTIFFS (defined in paragraph I.A(13)
below), and Defendant AKAL (defined in Paragraph I.A(2), below), and is
conditioned upon the Court's approval of this proposed settlement, the Parties'
JOINT STIPULATION and the entry by the COURT of an ORDER APPROVING
JOINT   STIPULATION   OF   SETTLEMENT   AND   RELEASE   ("ORDER

APPROVING JOINT STIPULATION") (defined in Paragraph I.(A)(9) below). This JOINT STIPULATION and the settlement contemplated by this JOINT STIPULATION shall become effective upon the EFFECTIVE DATE (defined in Paragraph I.(A)(8), below).

I.     **DEFINITIONS**

A.     Unless otherwise defined herein, capitalized terms used in this JOINT STIPULATION shall have the meanings set forth below:

1.     "ACTION," "COMPLAINT," and/or "AMENDED COMPLAINT" refers to the civil action filed in the Federal District Court for the District of Kansas, entitled *Ron Keys et al**. *v. Akal Security, Inc*., Civil Action Number 07-CV-01047-JTM-KMH.

2.     "AKAL" or "DEFENDANT" shall mean Defendants Akal Security, Inc., KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., Unto Infinity, LLC and their past, present, and future parents, predecessors, successors, subsidiaries and affiliated corporations, organizations and entities, divisions, units and branches and each of their past, present and future partners, joint venturers, shareholders, controlling persons, insurers, reinsurers and assigns, officers, directors, trustees, agents, current or former employees, independent contractors, managers, attorneys, contractors, representatives, benefit administrators, benefits plans, sponsored or administered by AKAL, and other persons or entities acting on their behalf.

2.

3.     "CLASS COUNSEL" shall collectively and individually refer to Foulston Siefkin LLP.

4.     "CLASS COUNSEL COMMUNICATION" shall mean the correspondence CLASS COUNSEL shall send to the NAMED PLAINTIFFS and OPT-IN PLAINTIFFS indicating this litigation settled and explaining the relevant terms of the JOINT STIPULATION, including that NAMED PLAINTIFFS and OPT-IN PLAINTIFFS are enjoined from pursuing RELEASED CLAIMS against AKAL (as defined and described in Paragraph VI.(A) below) and that the NAMED PLAINTIFFS and OPT-IN PLAINTIFFS must maintain the confidentiality of this JOINT STIPULATION and settlement (as described in Paragraph XXII., below).

5.     "COURT" refers to the United States District Court of the District of Kansas.

6.     "COVERED PERIOD," solely for purposes of this JOINT STIPULATION, shall mean the period commencing on February 20, 2004, and ending on the date the COURT enters the ORDER APPROVING JOINT STIPULATION.  By no means does the period of time covered by the COVERED PERIOD act as an admission of willfulness or liability on the part of AKAL.

7.     "COVERED POSITION" shall mean the Security Officers/Guards, Armorers, Sergeants, and Lieutenants at the four of the eight army sites covered under AKAL's security contract with the United States Army during the COVERED PERIOD.   The four army sites are Fort Campbell,

3.

Kentucky; Fort Hood, Texas; Fort Riley, Kansas; and Fort Stewart, Georgia.

8. "EFFECTIVE DATE" shall mean the first date after entry by the COURT of an ORDER APPROVING JOINT STIPULATION, dismissing the ACTION with prejudice.

9. "ORDER APPROVING JOINT STIPULATION" shall mean the Order Approving Collective Action Settlement and Stipulated Consent Judgment entered thereon by the COURT, including the express approval of the JOINT STIPULATION; the consequences of the settlement; the payment process for distributing settlement funds to the SETTLEMENT CLASS MEMBERS; and notification that SETTLEMENT CLASS MEMBERS, including the NAMED PLAINTIFFS, are forever enjoined from pursuing any of the RELEASED CLAIMS (defined in Paragraph I.(A)16 and Paragraph VI.(A)) against AKAL in any legal, administrative or other proceedings; and dismissing the ACTION with prejudice.

10. "JOINT STIPULATION" shall mean the Joint Stipulation of Settlement and Release, including the Exhibits thereto, containing the terms governing the parties' settlement of this ACTION and waiver of the NAMED and OPT-IN PLAINTIFFS' Released Claims against AKAL.

11. "MAXIMUM PAYMENT" shall mean up to the amount set forth in Exhibit A hereto and filed under seal, which shall be the maximum amount which may be paid by AKAL pursuant to the terms of this JOINT STIPULATION

4.

(not including the employer's share of applicable state or federal payroll taxes due and owing on account of this settlement).

12.    "NAMED PLAINTIFFS" shall individually and collectively refer to the persons who are named as Plaintiffs in the caption of the COMPLAINT and/or AMENDED COMPLAINT. The NAMED PLAINTIFFS are Clyde Adams, William Bailey, Steve Balboni, Pedro Barrios, Michelle Beard, Robert Dirk Blain, Robert Daniel Blain, Clifton Boyd, Robert Branch, James Brantner, Wayne Bricker, Charles Brown, Jeremie Brown, Eugene Bush, Woodward Buth, Shereta Butler, Richard Byrd, Ronnie Byrd, Kenneth Callender, Jose Camacho, Samuel Camacho, John Card, Yolanda Carey, Dennis Carr, Jennifer Cataldo, Charlene Clarke, Danny Collins, Clara Colon, James Conrad, LaShonda Cooper, Bobby Joe Council, Brian Crawley, Thomas Cunningham, Gary Curry, Rufus Dawkins, Giraldo Diago, John Dorman, Guinevere Evans, Gilda Farmer, Kelly Fiers, William Fiers, Leia Fishel-Minton, Larry Foster, Soel Foublasse, Carlos Fragosa, Roderick Freeman, Joshua Frey, Annette Fury, Jeana Gardner, Maya Gates, Charles Gill, Mary Godfrey, Josh Godwin, Oscar Grantham, Valorie Greasham, Edward Gross, Johnny Gulley, Joseph Hall Jr., Mary Harper, James Harrington, Mike Harris, Nathan Hawkins, Melissa Hayes, Kenneth Haynes, Camille Hazel, Michael Hemington, Roy John Holley, Melissa Hornsby, Phillip Howard, Peter Hubert, Lori Hummel, Jewell Humphries, Antrell Hunt, Jackie Jameson, Eric Johnson, Kevin Johnson, Phillip Johnson, Van Johnson, Edward Kaminski Jr., Ron

Keys, Shirley Kitchings, Guy Knepper, Daniel Kowal, Tim Kunsman, Nina Lane, Dale Lewis, Pamela Linen, Palmer Lipscomb, Honorio Lising, Mike Lopez, Christa Louck, Ricky Louck, Charles Madar, David Maddox, Joseph Marshall, Rebecca Martinez, Jami Martin, Wayne Martin, Willie Martin Jr., James Martz, Marina Mayer, Jermal McCall, Arthur McDonald, Lisa McDonald, Roy McDowell, Patricia McNeal-Schmatz, Roger Messenger, Marius Miller, Danelle Mills, Justin Minton, Kenneth Mitchell, Latrice Moore, Thomas Morman, Richard Morris, Richard Mullen, Dominic Napolitano, William Nelson, Patrick Norville, Alma Orraca, William Owens, Kevin Phyall, Jason Pike, Samantha Pike, Frank Polly, Crystal Powell, Gayl Pratt, Myshana Ramirez, Randy Reddick, Tawanda Reese, Bruce Revis Sr., David Ritter, Pamela Roman, Angela Ross-Christian, Teresa Rowell, Guadalupe Salazar, Joseph Schmitt, Raymond Scott, Samuel Shearry, Ralph Short, Richard Simmons, Jonathan Smith, Richard Smith, Benjamin Stanley, Little Steele, Staci Stomley, Donna Stoss, Claude Strown, Daniel Sylvester, Efrem Terrell, Tyrell Terry, Danny Thomas, Lacie Thurman, Chad Tilghman, Jessica Tippett, Daniel Tisdale, Carmen Toledo, Robert Trawick, Melody Turner, Ira Veasey Jr., Michael Velasquez, Jose Velez, Richard Wacker, Ron Warrick, Gary Watson, Victor Watson, Wanda Williams-Rouse, Willis Williams, Timothy Wilm, Arlene Wilson, Theresa Wood-Blain, Glenn Woods, Billy Yurconic and Kenny Zimmerman.

6.

13.   "OPT-IN PLAINTIFFS" shall individually and collectively refer to the persons opting into this litigation and who were employed by AKAL in the COVERED POSITION during the COVERED PERIOD, and excluding the NAMED PLAINTIFFS.  The OPT-IN PLAINTIFFS are Charles Adams, Mirna Bess, Jamie Bravo, Hillard Clark, Eric Collett, Nathaniel Golden, Jeff Horton, Kenyette LeDee-Madria, Debbie Lopez, Michael Markles, Wanda Martin, Johnny McGarrah, Terrance McKinnon, Angeline Neeley, Elisabeth Parker, Michelle Pullings, Wilbert Richardson, Julius Roberson, Franklin Rogers, Cornelius Ross, Torrence Saxton, Vicki Schielie, Tonya Sellars, Catherine Slade, Lawrence Smith, Mary Somrak, ElClifton Thurman, Juan Vasquez, Victor Watts, Ken Weaver, Adam Williams, Tony Williams, Yolanda Williams, Jesse Womack, Preston Woods, Sonny Wright and Booker Williams.

14.   "SETTLEMENT CLASS" or "SETTLEMENT CLASS MEMBERS" shall mean the NAMED PLAINTIFFS and OPT-IN PLAINTIFFS.

15.   "SETTLING PARTIES" collectively refers to the NAMED PLAINTIFFS, OPT-IN PLAINTIFFS, CLASS COUNSEL, and AKAL.

16.   "RELEASED CLAIMS" refers to those claims by NAMED PLAINTIFFS and/or OPT-IN PLAINTIFFS against any RELEASED PARTY(IES), as defined herein in paragraph I.(A).17 below.  Specifically, RELEASED CLAIMS include the full and final release and discharge against any RELEASED PARTY(IES) including any and all claims, charges, complaints, liens,

7.

demands, causes of action, obligations, damages and liabilities, <u>known or unknown</u>, <u>suspected or unsuspected</u>, that each NAMED PLAINTIFF or OPT-IN PLAINTIFF had, now has, or may hereafter claim to have against the RELEASED PARTIES arising out of any and all wage-and-hour-related claims, however styled, arising during the COVERED PERIOD that were asserted in this ACTION, regardless of whether such wage-and-hour-related claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, and inclusive of any and all claims for damages, wages, overtime pay, premium pay, waiting-time penalties, all other statutory penalties and damages, including liquidated damages, all claims for improper deductions from wages, all claims for unreimbursed expenses, all claims for missed meal periods and rest breaks, and all other alleged wage-and-hour-related violations of any kind or any claim for failure to pay wages, and all other forms of relief, including equitable relief, attorneys' fees and costs, or injunctive and declaratory relief, whether sounding in contract or tort and whether pursuant to a statutory remedy, including but are not limited to, wage-and-hour related claims arising out of any alleged failure to pay wages pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.; claims arising from or dependent on alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; and the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*

17.   "RELEASED PARTIES" refers to Akal Security, Inc., KIIT

8.

Company, Inc., Sikh Dharma of New Mexico, Inc., Unto Infinity, LLC and their past, present, and future parents, predecessors, successors, subsidiaries and affiliated corporations, organizations and entities, divisions, units and branches and each of their past, present and future partners, joint venturers, shareholders, controlling persons, insurers, reinsurers and assigns, officers, directors, trustees, agents, current or former employees, independent contractors, managers, attorneys, contractors, representatives, benefit plan administrators, benefits plans, sponsored or administered by AKAL Security, Inc., KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., or Unto Infinity, LLC, and other persons or entities acting on their behalf.

## II.    BACKGROUND AND REASONS FOR SETTLEMENT

A.    On February 20, 2007, certain of the NAMED PLAINTIFFS on behalf of themselves and other past and present employees, similarly situated, filed a collective action under 29 U.S.C. § 216(b) in the Federal District Court for the District of Kansas.  AKAL employed these individuals as security guards at the U.S. Army installations at Ft. Riley, Kansas, Fort Campbell, Kentucky, Ft. Hood, Texas, and/or Fort Stewart, Georgia.  There was one amendment to the complaint, adding additional named plaintiffs and asserting state law claims.  Following the AMENDED COMPLAINT, the NAMED PLAINTIFFS are those individuals identified in paragraph I.A.12 above, the OPT-IN PLAINTIFFS are those individuals identified in paragraph I.A.13 above, and the named Defendants are

9.

four corporate entities AKAL, KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., Unto Infinity, LLC.

B.     In the Amended Complaint, Plaintiffs alleged Defendants violated the Fair Labor Standards Act (FLSA) by willfully failing to pay the Plaintiffs and other hourly security personnel at the named U.S. Army installations overtime in excess of 40 hours in a workweek.

C.     On March 14, 2008, the COURT granted PLAINTIFFS' Motion to Dismiss with Prejudice the state law wage and hour claims that had been asserted in the AMENDED COMPLAINT.   Following this Order, the only claims remaining in this ACTION were those pursuant to the Fair Labor Standards Act.

D.     After a full day mediation, conducted on June 25, 2008, by an experienced mediator, Michael  L. Blumenthal of Seyfurth, Blumenthal & Harris LLC, together with continuing discussions and negotiations thereafter, this JOINT STIPULATION was reached after arms-length negotiations by and among the SETTLING PARTIES.

E.     CLASS COUNSEL has conducted a thorough investigation into the facts of the ACTION, including a review of relevant documents, and has diligently pursued an investigation of the wage and hour claims of SETTLEMENT CLASS MEMBERS against AKAL.  Based on their own independent investigation and evaluation, CLASS COUNSEL believe that the settlement with AKAL for the consideration and on the terms set forth in this JOINT STIPULATION are fair,

10.

reasonable, and adequate, and in the best interest of the SETTLEMENT CLASS MEMBERS in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by AKAL, and potential appellate issues.

## III.   <u>NO ADMISSION</u>

A.   AKAL expressly denies any liability or wrongdoing of any kind associated with the claims in this ACTION, including those asserted in Plaintiffs' AMENDED COMPLAINT. AKAL also does not admit that the facts alleged in this ACTION, including Plaintiffs' AMENDED COMPLAINT, are accurate or true.   Nothing contained in this JOINT STIPULATION shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of AKAL, and AKAL denies liability therefore.   Nor shall anything in this JOINT STIPULATION be construed or deemed an admission that this ACTION was properly brought as a collective action under the FLSA.   Each of the SETTLING PARTIES has entered into this JOINT STIPULATION with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.   Settlement of the ACTION, the negotiation and execution of this JOINT STIPULATION, and all acts performed or documents executed pursuant to or in furtherance of this JOINT STIPULATION:  (a) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of AKAL or of the truth of any of the factual allegations in the operative COMPLAINTS in the ACTION; (b) are not, shall not be deemed to be,

11.

and may not be used as an admission or evidence of any fault or omission on the part of AKAL in any civil, criminal, administrative, or arbitral proceeding in any court, administrative agency or other tribunal; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration other than for purposes of administering this JOINT STIPULATION.    This JOINT STIPULATION and all exhibits thereto are settlement documents and shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the JOINT STIPULATION.

**IV.    TERMS OF THE SETTLEMENT**

A.    Agreement to Cooperate and Process For Effectuating Terms.

1.    The SETTLING PARTIES agree to cooperate and take all steps necessary and appropriate to obtain final approval of this JOINT STIPULATION, to effectuate its terms, and to dismiss the ACTION with prejudice.

2.    The SETTLING PARTIES agree to the following process for effectuating the terms of the settlement:

a.    As of September 19, 2008 CLASS COUNSEL and counsel for AKAL had met, conferred, and agreed upon the language of the JOINT STIPULATION and the ORDER APPROVING JOINT STIPULATION;

b.    CLASS COUNSEL and AKAL'S Counsel will submit to the COURT for in camera review and without electronic filing  the SETTLING

12.

PARTIES' JOINT STIPULATION and also a proposed ORDER APPROVING JOINT STIPULATION.

c.     The COURT shall hold a hearing to determine whether to approve the documents referenced in Paragraph IV.A(2)(b) and, if approved, whether to enter the ORDER APPROVING JOINT STIPULATION, and if there are any remaining disagreements between the SETTLING PARTIES, to make rulings as necessary to effectuate the settlement and payments to SETTLEMENT CLASS MEMBERS;

d.     Within five (5) business days of the COURT's entry of an ORDER APPROVING JOINT STIPULATION, CLASS COUNSEL will mail all SETTLEMENT CLASS MEMBERS the CLASS COUNSEL COMMUNICATION and will provide AKAL the necessary information for making payment to CLASS COUNSEL for attorney's fees and costs (as outlined in Paragraph IV., C(4));

e.     Provided that CLASS COUNSEL provides the requisite information referenced in Paragraph IV.(A)(2)(d), including completion of a form W-9 for all CLASS COUNSEL who will receive any form of payment from AKAL, AKAL will make payment for the attorney's fees and costs to CLASS COUNSEL within ten (10) business days of the COURT's approval of the attorney's fees and entry of the ORDER APPROVING JOINT STIPULATION (as outlined in Paragraph IV. C (4));

13.

f.    By September 19, 2008, CLASS COUNSEL will provide AKAL with a list of addresses for each SETTLEMENT CLASS MEMBER. Within fourteen (14) days of the COURT's entry of the ORDER APPROVING JOINT STIPULATION, CLASS COUNSEL will notify AKAL of any changes to the previously provided addresses for each SETTLEMENT CLASS MEMBER;

g.    Within thirty (30) days of receipt of the addresses provided to AKAL by CLASS COUNSEL as stated above in Paragraph IV.A (2)(f), AKAL will issue checks to SETTLEMENT CLASS MEMBERS via United States First Class Mail at the mailing addresses provided pursuant to Paragraph IV.A.(2)(f).

h.

(1).    Sixty (60) days after the checks referenced in Paragraph IV.A(2)(g) are issued to each SETTLEMENT CLASS MEMBER, AKAL will provide CLASS COUNSEL with a list of those SETTLEMENT CLASS MEMBERS whose settlement checks were returned in the mail.  CLASS COUNSEL shall have thirty (30) days from that point to provide current address information for any such SETTLEMENT CLASS MEMBER, and for each SETTLEMENT CLASS MEMBER for whom CLASS COUNSEL provides a current address AKAL shall re-mail the settlement checks within twenty (20) days of receiving the new address. Alternatively, CLASS COUNSEL may, in its discretion, direct AKAL to return settlement checks from any particular

14.

SETTLEMENT CLASS MEMBER(S) to CLASS COUNSEL for CLASS COUNSEL to distribute to such SETTLEMENT CLASS MEMBER(S).   In any event, AKAL shall not be required to issue new settlement checks to such individuals whose initial settlement checks were returned. AKAL shall not be required to re-mail settlement checks more than once.

(2).    Six (6) months after the checks referenced in Paragraph IV.A(2)(g) are issued to each SETTLEMENT CLASS MEMBER, ("the Expiration Period"), SETTLEMENT CLASS MEMBERS failing to negotiate their settlement checks will have waived their entitlement to receive such funds.   In the event SETTLEMENT CLASS MEMBERS do not negotiate their settlement checks prior to the Expiration Period, the dollar value of the non-negotiated settlement check shall remain the sole and exclusive property of AKAL, and AKAL shall be completely relieved of any duty or obligation to either re-issue or re-mail said checks to any SETTLEMENT CLASS MEMBER whether the check was returned and remailed in accordance with Paragraph IV.A(2)(g) and/or (h) or if the check was not negotiated.   Further, AKAL will have no liability to the SETTLEMENT CLASS MEMBER for the value of the returned or non-negotiated check.

i.

1. With regard to any SETTLEMENT CLASS MEMBER who CLASS COUNSEL notifies AKAL as being presently deployed with any branch of the United States military, including units of any state's National Guard, AKAL

15.

agrees that the Expiration Period defined in Paragraph IV.(A)(h)(2) above shall be extended to a date not later than sixty (60) days following such SETTLEMENT CLASS MEMBER's return from such deployment.

2. Under no circumstances will AKAL be obligated to re-issue a settlement check that has been negotiated and was issued to a SETTLEMENT CLASS MEMBER who is deployed at the time settlement checks are issued and mailed.

j.      Except with respect to deployed service members, AKAL may opt to void immediately any checks issued to SETTLEMENT CLASS MEMBERS but not negotiated prior to the Expiration Period.

k.      Within 30 days after the Expiration Period, counsel for AKAL and CLASS COUNSEL will notify the COURT of payments made to the SETTLEMENT CLASS MEMBERS and to CLASS COUNSEL and will identify those SETTLEMENT CLASS MEMBERS who failed to negotiate issued checks within the required time period as outlined in Paragraph IV.A(2)(h)).

B.      Maximum Payment to Settlement Class Members, Date to Receive Settlement Checks, and Consequences of Non-Negotiated Checks.

1.      The   MAXIMUM   PAYMENT   under   this   JOINT STIPULATION is set forth in the attached Exhibit A to be filed under seal.  The MAXIMUM PAYMENT is and shall be inclusive of all payments to SETTLEMENT CLASS MEMBERS including employee payroll tax withholdings

16.

(but excluding the employer portion of those payroll tax withholdings); and all of CLASS COUNSEL'S attorneys' fees, costs, and expenses associated with the ACTION.

2.      AKAL shall be responsible for the issuance of all checks, W-2 forms, 1099 Forms, and other such reporting instruments.

3.      CLASS COUNSEL shall be responsible for providing accurate mailing information regarding the SETTLEMENT CLASS MEMBERS including, but not limited to current street address (or post-office box).  CLASS COUNSEL shall have the right to allocate such payments among the opt-in SETTLEMENT CLASS MEMBERS so long as such allocation is made in good faith. CLASS COUNSEL shall consult with AKAL in respect of such allocations, and AKAL shall report to the COURT all allocations distributed.

4.      AKAL shall mail checks to all SETTLEMENT CLASS MEMBERS pursuant to the process and requirements described in Paragraph IV, A(2).

5.      Except as set forth in Paragraph IV.A(2)(i) with respect to deployed service members, if  SETTLEMENT CLASS MEMBERS have not negotiated their checks within six (6) months after the checks have been issued, such SETTLEMENT CLASS MEMBERS will be deemed to have waived their right to receive settlement funds in this ACTION and all other rights under the terms of the JOINT STIPULATION but shall be bound by the ORDER

17.

APPROVING JOINT STIPULATION and shall be bound by the release set forth in Paragraph VI.A.

     C.     <u>Attorneys' Fees and Costs and Payment of Same</u>.

     1.     The ACTION alleges a potential claim for attorneys' fees and costs pursuant to the Fair Labor Standards Act.  The SETTLING PARTIES agree that any and all such claims for attorneys' fees and costs have been settled in this JOINT STIPULATION subject to final approval by the COURT.

     2.     AKAL understands that CLASS COUNSEL will seek the COURT's approval of the portion of the settlement to be paid to CLASS COUNSEL for its attorneys' fees and costs.  AKAL will not oppose a properly supported application for approval of attorney's fees, costs, and expenses, in amounts not to exceed those set forth in the Exhibit A to be filed under seal, all of which shall be paid exclusively from the MAXIMUM PAYMENT and will compensate CLASS COUNSEL for any and all of the work already performed in the ACTION and all work remaining to be performed in documenting the SETTLEMENT, securing COURT approval of the SETTLEMENT, and ensuring that the SETTLEMENT is fairly administered and implemented.  None of CLASS COUNSEL, nor any SETTLEMENT CLASS MEMBER, shall seek payment of attorneys' fees or reimbursement of costs or expenses from AKAL except as expressly set forth in this JOINT STIPULATION.  In the event the COURT awards CLASS COUNSEL a lesser monetary amount in attorneys' fees than the

18.

amount sought by CLASS COUNSEL, all unawarded and/or unapproved monetary funds shall remain the sole and exclusive property of AKAL.

3.    The substance of CLASS COUNSEL'S application for attorneys' fees and costs is not part of this JOINT STIPULATION, and is to be considered separately from the COURT'S consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the ACTION. However, all claims for attorneys' fees and costs or expenses that the SETTLEMENT CLASS may possess against AKAL in this ACTION have been compromised and resolved in this JOINT STIPULATION.   Any proceedings related to CLASS COUNSEL'S application for attorneys' fees shall not terminate or cancel this JOINT STIPULATION, or otherwise affect the finality of the COURT'S Order granting final approval and/or the entry of the ORDER APPROVING JOINT STIPULATION.   Any proceedings related to CLASS COUNSEL'S application for attorneys' fees and costs also shall not require AKAL to pay any additional sum in excess of the MAXIMUM PAYMENT agreed upon in this JOINT STIPULATION.

4.    AKAL will issue to CLASS COUNSEL IRS Form 1099s for such amounts paid for attorneys' fees, expenses and costs under this JOINT STIPULATION and shall pay the attorneys' fees, expenses and costs, once approved by the COURT, within ten (10) business days after the COURT enters the ORDER approving attorneys' fees and costs.   Prior to any payment for

19.

attorneys' fees, expenses, and/or costs, all CLASS COUNSEL who will receive any form of payment from AKAL must complete a form W-9 and submit such form to AKAL.

5.     If the COURT reduces the amount of attorneys' fees and/or costs sought by CLASS COUNSEL, the dollar value of any such reduction shall not be included in the MAXIMUM PAYMENT and shall remain AKAL's sole and exclusive property.  In the event of any appeal of the award of attorneys' fees and/or costs, any further payment of such attorneys' fees and/or costs shall be made by AKAL in accordance with the Order set forth by the U.S. Court of Appeals and the COURT on remand twenty (20) calendar days after all rights of appeal have been exhausted and/or the time to appeal has expired with no further appeals being filed.  If a reduction in CLASS COUNSEL'S attorneys' fees and/or costs award, or any portion thereof, is upheld on appeal, the amount of the reduction shall be retained by AKAL as its exclusive property and shall not be the subject of a further distribution to SETTLEMENT CLASS MEMBERS. Notwithstanding the foregoing, CLASS COUNSEL shall not apply for, and shall not be awarded, attorneys' fees and/or costs in any amounts that are in excess of the amounts set forth in Paragraph IV.C(2) of this JOINT STIPULATION.

D.     <u>Tax Allocation</u>.

1.     The SETTLING PARTIES agree that the wages portion of the settlement payment to each SETTLEMENT CLASS MEMBER shall be

20.

considered payment of back wages and subject to the withholding of all applicable local, state, and federal taxes and all of which shall be reflected on IRS form W-2.

2.      The SETTLING PARTIES further agree that the non-wages portion of the settlement payment to each SETTLEMENT CLASS MEMBER shall be considered payment of liquidated damages, none of which shall be subject to any withholdings and all of which shall be reflected on IRS Form 1099s issued to SETTLEMENT CLASS MEMBERS.

3.      Notwithstanding paragraphs IV.(D).1 and .2 above, for any SETTLEMENT CLASS MEMBER who received back wages as a result of the 2005 Department of Labor audit at Fort Campbell, the amount of back wages provided to such SETTLEMENT CLASS MEMBER will be considered, and reduced as applicable, in the allocation of back wages and liquidated damages in this case as set forth in the attached Exhibit A to be filed under seal.   The SETTLING PARTIES will rely on the Summary of Unpaid Wages (Form WH-56) issued by the Department of Labor in accordance with the 2005 Department of Labor audit at Fort Campbell.

4.      AKAL shall pay the employer's share of payroll taxes and withholdings on that portion of settlement payments to SETTLEMENT CLASS MEMBERS that are allocated to wages to the relevant state and federal taxing agencies in accordance with applicable law and regulations.   AKAL also will be responsible for issuing any required state and federal reporting documents (such as

21.

IRS Forms W-2s and 1099s) to SETTLEMENT CLASS MEMBERS and CLASS COUNSEL.

E.     The ORDER APPROVING JOINT SETTLEMENT issued by the COURT must include language that the ACTION, COMPLAINT, and AMENDED COMPLAINT are effectively dismissed with prejudice upon the EFFECTIVE DATE of the COURT'S issuance of said ORDER APPROVING JOINT SETTLEMENT.

F.     SETTLING PARTIES agree that all payments made by AKAL to both SETTLEMENT CLASS MEMBERS and CLASS COUNSEL relating to the terms of this JOINT STIPULATION are made in good faith and are made as satisfaction of the disputed claims for wages, liquidated damages, and attorneys' fees, as described herein.

## V.     **NOTICE TO AND PAYMENT PROCESS FOR SETTLEMENT CLASS MEMBERS**

A.     No later than thirty (30) days after the COURT's entry of the ORDER APPROVING JOINT STIPULATION, AKAL will send by First Class Mail to each SETTLEMENT CLASS MEMBER (pursuant to Paragraph IV.A. et seq.) settlement check(s) in the aggregate gross amount identified by CLASS COUNSEL and as set forth on the sealed Exhibit A hereto.

## VI.    **RELEASE OF CLAIMS AND INJUNCTION**

22.

A.     RELEASED   CLAIMS.     NAMED   PLAINTIFFS   and   OPT-IN

PLAINTIFFS, subject to the reservation of rights, claims, and recoveries in this

Paragraph VI.A., hereby fully and finally release and discharge Akal Security, Inc.,

KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., Unto Infinity, LLC and

their past, present, and future parents, predecessors, successors, subsidiaries and

affiliated corporations, organizations and entities, divisions, units and branches and

each of their past, present and future partners, joint venturers, shareholders,

controlling persons, insurers, reinsurers and assigns, officers, directors, trustees,

agents, current or former employees, independent contractors, managers, attorneys,

contractors, representatives, benefit plan administrators, benefits plans, sponsored

or administered by AKAL Security, Inc., KIIT Company, Inc., Sikh Dharma of

New Mexico, Inc., or Unto Infinity, LLC, and other persons or entities acting on

their behalf (collectively referred to as the "RELEASED PARTIES"), from any

and all claims, charges, complaints, liens, demands, causes of action, obligations,

damages and liabilities, known or unknown, suspected or unsuspected, that each

NAMED PLAINTIFF or OPT-IN PLAINTIFF had, now has, or may hereafter

claim to have against the RELEASED PARTIES arising out of any and all wage-

and-hour-related claims, however styled arising during the COVERED PERIOD

that were asserted in this ACTION, regardless of whether such wage-and-hour-

related claims arise under federal, state and/or local law, statute, ordinance,

regulation, common law, or other source of law, and inclusive of any and all claims

23.

for damages, wages, overtime pay, premium pay, waiting-time penalties, all other statutory penalties and damages, including liquidated damages, all claims for improper deductions from wages, all claims for unreimbursed expenses, all claims for missed meal periods and rest breaks, and all other alleged wage-and-hour-related violations of any kind or any claim for failure to pay wages, and all other forms of relief, including equitable relief, attorneys' fees and costs, or injunctive and declaratory relief, whether sounding in contract or tort and whether pursuant to a statutory remedy (collectively referred to as the "RELEASED CLAIMS").  The RELEASED CLAIMS include, but are not limited to, wage-and-hour related claims arising out of any alleged failure to pay wages pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.; claims arising from or dependent on alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; and the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*  In this regard, the SETTLING PARTIES agree that there is a *bona fide* dispute regarding all claims asserted in the ACTION, including Plaintiffs' claims for unpaid wages, overtime and penalties, and thus such disputed wage claims are the proper subject of this Release and the RELEASED CLAIMS stated herein.

B.    Reserved Claims and Actions by the SETTLEMENT CLASS MEMBERS.  The RELEASED CLAIMS shall NOT apply to or include any other claims that any SETTLEMENT CLASS MEMBER may have against AKAL other than those specifically released in this JOINT STIPULATION.    The

24.

SETTLEMENT CLASS MEMBERS are only releasing the RELEASED CLAIMS identified in Paragraph VI.A., above.   SETTLING PARTIES agree, understand, and acknowledge that the SETTLEMENT CLASS MEMBERS expressly reserve and retain their rights to file, assert, participate in, maintain, and/or recover monies in any other individual, group, or class lawsuit, administrative claim, state or federal government enforcement action, and/or other legal claim or proceeding of any kind (including but not limited to any pending discrimination and/or harassment charges on file with the EEOC and/or state EEO agencies), provided such actions are not based on the RELEASED CLAIMS identified in Paragraph VI.A., above.   The SETTLEMENT CLASS MEMBERS' reserved claims include, but are not limited to, claims arising under Title VII of the Civil Rights Act of 1964, and the amendments thereto embodied in the Civil Rights Act of 1991, Pregnancy Discrimination Act, Age Discrimination in Employment Act, Americans With Disabilities Act, Family and Medical Leave Act, WARN Act, Sections 1981 through 1988 of Title 42 of the United States Code, and any similar state or local laws, as well as any common law or tort claims, other than claims based on any alleged failure to pay wages for hours worked including but not limited to alleged failure to pay overtime.   The SETTLING PARTIES agree, understand, and acknowledge that by virtue of this express reservation of claims, rights, and recoveries, neither the Parties' JOINT STIPULATION, the entry by the COURT of the ORDER APPROVING JOINT STIPULATION, nor the COURT'S

25.

entry of dismissal in this case shall preclude any SETTLEMENT CLASS MEMBER from filing, asserting, participating in, maintaining, and/or recovering monies in any other individual, group, or class lawsuit, administrative claim, state or federal government enforcement action, and/or other legal claim or proceeding of any kind (other than to the extent any such other actions or claims include RELEASED CLAIMS, as identified in Paragraph VI.A., above), whether under principles of claim preclusion, estoppel, res judicata, or any other legal theory. Further, AKAL agrees that it will not assert in any forum that the Parties' JOINT STIPULATION, the entry by the COURT of the ORDER APPROVING JOINT STIPULATION, and/or the COURT'S entry of dismissal in this case with prejudice precludes any SETTLEMENT CLASS MEMBER from pursuing, seeking, or maintaining actions or receiving a monetary recovery, on any claim that is not identified as a RELEASED CLAIMS, as described in Paragraph VI.A above.

C.    The SETTLEMENT CLASS MEMBERS expressly agree that they are forever enjoined or otherwise prohibited from pursuing or recovering monies under any of their respective RELEASED CLAIMS (defined in Paragraph VI.A., above) against any of the RELEASED PARTIES in any current or future administrative, legal, or other proceeding.

D.    CLASS COUNSEL warrants and represents that CLASS COUNSEL do not currently and has not been asked to represent any employee or

26.

former employee of AKAL, other than the current NAMED PLAINTIFFS and OPT-IN PLAINTIFFS, who believes that he or she, as an employee or former employee of AKAL, has a claim for unpaid wages or any wage and hour claim against AKAL.  CLASS COUNSEL further agrees that CLASS COUNSEL will not advertise or solicit representation of any current or former AKAL employee regarding any wage and hour claim(s) he or she may have against AKAL. For purposes of this Paragarph VI.D., "current or former AKAL employee" includes any individual who was employed by AKAL at any point in the past until the EFFECTIVE DATE of the ORDER APPROVING JOINT STIPULATION.

## VII.   DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

A.    Promptly upon execution of this JOINT STIPULATION, the SETTLING PARTIES shall apply to the COURT for the entry of the ORDER APPROVING JOINT STIPULATION substantially in the following form attached as Exhibit A, which shall provide for, among other things, the following:

1.    Approving the proposed JOINT STIPULATION as fair, reasonable, and adequate as to the SETTLEMENT CLASS MEMBERS;

2.    Approving the proposed ORDER APPROVING JOINT STIPULATION;

3.    Approving the notification process CLASS COUNSEL shall use to inform the SETTLEMENT CLASS MEMBERS of the settlement, including

27.

the ORDER APPROVING JOINT STIPULATION, which, *inter alia,* enjoins the SETTLEMENT CLASS MEMBERS from pursuing their respective RELEASED CLAIMS;

4.     Directing the mailing of the settlement checks to the SETTLEMENT CLASS MEMBERS;

5.     Approving the payment process AKAL shall use to distribute payments to the SETTLEMENT CLASS MEMBERS and CLASS COUNSEL;

6.     Approving a Reasonable Reporting Period (e.g. date by which CLASS COUNSEL and AKAL's counsel, by mutual consent, will agree to provide the COURT notice of the SETTLEMENT CLASS MEMBERS negotiating checks within the required time period);

7.     Approving the NAMED PLAINTIFFS' AND OPT-IN PLAINTIFFS' Release provisions contained in the JOINT STIPULATION;

8.     Enjoining the SETTLEMENT CLASS MEMBERS from pursuing any of their respective RELEASED CLAIMS in any current and/or future administrative, legal, or other proceeding against AKAL; and

9.     Entering an ORDER APPROVING JOINT STIPULATION.

## VIII.  EFFECT OF NON-APPROVAL

A.     If the COURT does not approve the JOINT STIPULATION, this JOINT STIPULATION shall be null and void.  In such event, (a) nothing in this JOINT STIPULATION shall be construed as a determination, admission, or

28.

concession of any issue in the ACTION, and nothing in this JOINT STIPULATION may be offered into evidence in any trial on the merits of the claims asserted in the Operative Complaints filed in the ACTION or in any subsequent pleading; and (b) the SETTLING PARTIES expressly reserve their rights with respect to the prosecution and defense of the ACTION as if this JOINT STIPULATION never existed.  If there is any reduction in the attorneys' fees award, such reduction may be appealed as set forth herein, but is not a basis for rendering this JOINT STIPULATION void, voidable, and/or unenforceable.

## IX.   PARTIES' AUTHORITY

A.    The respective signatories to the JOINT STIPULATION represent that they are fully authorized to enter into this JOINT STIPULATION and bind the respective SETTLING PARTIES to its terms and conditions.

## X.   MUTUAL COOPERATION

A.    The SETTLING PARTIES agree to fully cooperate with each other to accomplish the terms of this JOINT STIPULATION, including but not limited to, executing the JOINT STIPULATION and timely submitting it to the COURT for approval; participating in the hearing on the JOINT STIPULATION with the COURT;   providing CLASS COUNSEL COMMUNICATION to the OPT-IN PLAINTIFFS; providing timely payments to the SETTLEMENT CLASS MEMBERS and CLASS COUNSEL; providing notice to the SETTLEMENT CLASS MEMBERS of the language of the JOINT STIPULATION, (less any

sealed exhibits) including the RELEASED CLAIMS; and providing notice to the COURT during the Reasonable Reporting Period of the status of payments to the SETTLEMENT CLASS MEMBERS. As soon as practicable after execution of this JOINT STIPULATION, CLASS COUNSEL shall, with the assistance and cooperation of AKAL and their counsel, take all necessary steps to secure the COURT'S entry of the ORDER APPROVING JOINT STIPULATION.

## XI.   **MEDIATION**

A.     AKAL is responsible for the mediator's fees, costs, and the expenses associated with mediation.

## XII.   **INDEMNIFICATION AGAINST PRIOR ASSIGNMENTS, IF ANY**

A.     Before AKAL issues the settlement checks, the SETTLEMENT CLASS MEMBERS agree to inform CLASS COUNSEL if they have directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.  In the event any SETTLEMENT CLASS MEMBER fails to inform CLASS COUNSEL of such assignments, transfers or encumbrances and AKAL issues a settlement check(s) to the SETTLEMENT CLASS MEMBER, the SETTLEMENT CLASS MEMBER agrees to indemnify AKAL from any claims, lawsuits, or other proceedings arising out of AKAL's payment of the settlement proceeds to the SETTLEMENT CLASS MEMBER in an amount not to exceed the value of the

SETTLEMENT CLASS MEMBER's settlement check in this ACTION.

## XIII.   ENFORCEMENT ACTIONS

A.     In the event that one or more of the SETTLING PARTIES institutes any legal action, arbitration, or other proceeding against any other SETTLING PARTY or SETTLING PARTIES to enforce the provisions of this JOINT STIPULATION or to declare rights and/or obligations under this settlement, each SETTLING PARTY or SETTLING PARTIES will bear their own attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action(s) unless the applicable law in such instance would permit the successful SETTLING PARTY or SETTLING PARTIES to recover otherwise.

## XIV.   NOTICES

A.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

1.     To the Settlement Class:
Boyd A. Byers
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466

2.     To AKAL:
Thomas Mason
Williams Mullen
8270 Greensboro Dr., Suite 700
McLean, Virginia 22102

31.

## XV.   <u>CONSTRUCTION</u>

A.    The SETTLING PARTIES agree that the terms and conditions of this JOINT STIPULATION are the result of lengthy, intensive, arms-length negotiations between the SETTLING PARTIES and that this JOINT STIPULATION shall not be construed in favor of or against any SETTLING PARTY by reason of the extent to which any SETTLING PARTY or him or its counsel participated in the drafting of this JOINT STIPULATION.

## XVI.  <u>CAPTION AND INTERPRETATIONS</u>

A.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this JOINT STIPULATION or any provision. Each term of this JOINT STIPULATION is contractual and not merely a recital.

## XVII. <u>MODIFICATION</u>

A.    This JOINT STIPULATION may not be changed, altered, or modified, except in writing and signed by the SETTLING PARTIES, and approved by the COURT.   This JOINT STIPULATION may not be discharged except by performance in accordance with its terms or by a writing signed by the SETTLING PARTIES.

## XVIII. <u>INTEGRATION CLAUSE</u>

A.    This JOINT STIPULATION contains the entire agreement between

32.

the SETTLING PARTIES relating to the resolution of the ACTION, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this JOINT STIPULATION.    No rights under this JOINT STIPULATION may be waived except in writing.

## XIX.  BINDING ON ASSIGNS

A.    This JOINT STIPULATION shall be binding upon and inure to the benefit of the SETTLING PARTIES and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XX.  CLASS COUNSEL SIGNATORIES

A.    It is agreed that because the members of the SETTLEMENT CLASS are so numerous, it is impossible and/or impractical to have each SETTLEMENT CLASS MEMBER sign this JOINT STIPULATION.    The CLASS COUNSEL COMMUNICATION will summarize the relevant terms of the ORDER APPROVING JOINT STIPULATION, and CLASS COUNSEL will further make the JOINT STIPULATION (less the sealed exhibit) available to each SETTLEMENT CLASS MEMBER. The signatures of the Representative NAMED PLAINTIFFS and OPT-IN PLAINTIFFS shall have the same force and effect as if this JOINT STIPULATION were executed by each SETTLEMENT CLASS MEMBER.

## XXI.  COUNTERPARTS

33.

A.    This JOINT STIPULATION may be executed in counterparts, and when each SETTLING PARTY has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one JOINT STIPULATION, which shall be binding upon and effective as to all SETTLING PARTIES.

## XXII. **CONFIDENTIALITY**

A.    All SETTLING PARTIES agree that they will keep the terms of the JOINT STIPULATION confidential and will not, either individually or in the aggregate, disclose the terms of the JOINT STIPULATION to anyone, except his/her spouse, tax preparers, financial advisors and attorneys and/or as required by law.   SETTLEMENT CLASS MEMBERS and CLASS COUNSEL specifically agree not to issue any press releases.   SETTLING PARTIES agree that, before disclosure, they will inform such spouses, tax preparers, financial advisers, and attorneys who are not CLASS COUNSEL or counsel for AKAL that the terms of the JOINT STIPULATION and settlement are confidential, they are bound by the terms of the confidentiality provision, and any disclosure to an unauthorized person (one who is not the SETTLING PARTIES' spouse, tax preparer, financial advisor, attorney or appropriate taxing authority) will constitute a breach of this confidentiality provision and a violation of the JOINT STIPULATION.   AKAL

34.

acknowledges and understands that SETTLEMENT CLASS MEMBERS and CLASS COUNSEL may make such disclosures as are required by law in an administrative, court or other legal proceeding following the issuance of a valid subpoena.  When a valid subpoena is issued, SETTLEMENT CLASS MEMBERS and CLASS COUNSEL (to the extent they are made aware of such subpoena) agree to provide notice to AKAL within four (4) business days of receipt of said subpoena prior to disclosure, to allow AKAL to object to such subpoena or to otherwise seek a court order.  Such notice shall be directed at the following address and/or telephone and facsimile numbers:

> Human Resources Director (Janet Gunn or her successor)
> Akal Security, Inc.
> P.O. Box 1197
> Santa Cruz, NM 87567
> (505) 692-6650 (telephone)
> (505) 747-8438 (facsimile)

This CONFIDENTIALITY provision shall not prohibit any SETTLEMENT CLASS MEMBER or SETTLING PARTY from stating in response to an inquiry that the lawsuit and/or their individual claims were settled on terms that were mutually agreeable to all parties, without disclosing the substance of those terms. If any SETTLING PARTY or his/her spouse, tax preparer, financial advisor and/or attorney discloses information regarding the JOINT STIPULATION in violation of this CONFIDENTIALITY provision, AKAL shall be entitled to recover liquidated damages in an amount equal to fifty percent (50%) of the settlement proceeds

provided to the particular SETTLING PARTY who was responsible (or whose spouse, tax preparer, financial advisor or attorney was responsible) for such disclosure.

## XXIII. GOVERNING LAW

A.   This JOINT STIPULATION and the Exhibits hereto shall be deemed to have been negotiated, executed and delivered, and to be wholly performed, in the State of Kansas.  The rights and obligations of the SETTLING PARTIES under this JOINT STIPULATION shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of Kansas without regard to Kansas' choice of law principles.

## XXIV. CONTINUING JURISDICTION

A.   Except as otherwise specifically provided for herein, the COURT shall retain jurisdiction to construe, interpret and enforce this JOINT STIPULATION, to supervise all notices, the administration of the settlement and this JOINT STIPULATION, and to hear and adjudicate any dispute arising from or related to the JOINT STIPULATION and settlement of this ACTION.

SETTLEMENT CLASS MEMBER
REPRESENTATIVES

Dated: October 7, 2008

Kenneth Callendar

Dated: October ___, 2008

Kelly Fiers

36.

provided to the particular SETTLING PARTY who was responsible (or whose spouse, tax preparer, financial advisor or attorney was responsible) for such disclosure.

## XXIII. **GOVERNING LAW**

A.    This JOINT STIPULATION and the Exhibits hereto shall be deemed to have been negotiated, executed and delivered, and to be wholly performed, in the State of Kansas. The rights and obligations of the SETTLING PARTIES under this JOINT STIPULATION shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of Kansas without regard to Kansas' choice of law principles.

## XXIV. **CONTINUING JURISDICTION**

A.    Except as otherwise specifically provided for herein, the COURT shall retain jurisdiction to construe, interpret and enforce this JOINT STIPULATION, to supervise all notices, the administration of the settlement and this JOINT STIPULATION, and to hear and adjudicate any dispute arising from or related to the JOINT STIPULATION and settlement of this ACTION.

SETTLEMENT CLASS MEMBER
REPRESENTATIVES

Dated: October ___, 2008

_____
Kenneth Callendar

Dated: October 7, 2008

_____
Kelly Fiers

36.

1   Dated: October _7_, 2008        _____
                                    William Fiers

2

3   Dated: October ___, 2008        _____
                                    Nathaniel Golden

4
                                    AKAL (on behalf of all Defendants)
5

6   Dated: October ___, 2008        _____

                                    By:_____
7

8   APPROVED AS TO FORM AND CONTENT:

9   Dated: October ___, 2008        FOULSTON SIEFKIN LLP

10

11                                  _____

12                                  By:  Boyd A. Byers
                                    Attorneys for SETTLEMENT CLASS
                                    MEMBERS.
13

14  Dated: October ___, 2008

15                                  _____

16                                  By: Forrest T. Rhodes, Jr.
                                    Attorneys for SETTLEMENT CLASS
                                    MEMBERS.
17

18  Dated: October ___, 2008        WILLIAMS MULLEN

19

20                                  _____

                                    By:  Thomas Mason
21                                  Attorneys  for  Defendants  Akal  Security,
                                    Inc.,  KIIT Company, Inc., Sikh Dharma of
22                                  New Mexico, Inc., and Unto Infinity, LLC.

23  Dated: October ___, 2008

24
                                    _____
25                                  By:  Karen Doner
                                    Attorneys  for  Defendants  Akal  Security,
26                                  Inc.,  KIIT Company, Inc., Sikh Dharma of
                                    New Mexico, Inc., and Unto Infinity, LLC.
27

28                                         37.

Dated: October ___, 2008

_____

William Fiers

Dated: October 8 , 2008

_____

Nathaniel Golden

AKAL (on behalf of all Defendants)

Dated: October ___, 2008

_____

By:_____

APPROVED AS TO FORM AND CONTENT:

Dated: October ___, 2008          FOULSTON SIEFKIN LLP

_____

By:  Boyd A. Byers
Attorneys for SETTLEMENT CLASS
MEMBERS.

Dated: October ___, 2008

_____

By: Forrest T. Rhodes, Jr.
Attorneys for SETTLEMENT CLASS
MEMBERS.

Dated: October ___, 2008          WILLIAMS MULLEN

_____

By:  Thomas Mason
Attorneys for Defendants Akal Security,
Inc., KIIT Company, Inc., Sikh Dharma of
New Mexico, Inc., and Unto Infinity, LLC.

Dated: October ___, 2008

_____

By:  Karen Doner
Attorneys for Defendants Akal Security,
Inc., KIIT Company, Inc., Sikh Dharma of
New Mexico, Inc., and Unto Infinity, LLC.

37.

Dated: September ___, 2008
_____
William Fiers

Dated: September ___, 2008
_____
Nathaniel Golden

AKAL (on behalf of all Defendants)

Dated: ~~September~~ OCTOBER 23 ___, 2008
_____
By: _____
JANET GUNN
V.R.H.R.

APPROVED AS TO FORM AND CONTENT:

Dated: September ___, 2008          FOULSTON SIEFKIN LLP

_____
By: Boyd A. Byers
Attorneys for SETTLEMENT CLASS
MEMBERS.

Dated: September ___, 2008

_____
By: Forrest T. Rhodes, Jr.
Attorneys for SETTLEMENT CLASS
MEMBERS.

Dated: September ___, 2008          WILLIAMS MULLEN

_____
By: Thomas Mason
Attorneys for Defendants Akal Security,
Inc., KIIT Company, Inc., Sikh Dharma of
New Mexico, Inc., and Unto Infinity, LLC.

Dated: September ___, 2008

_____
By: Karen Doner
Attorneys for Defendants Akal Security,
Inc., KIIT Company, Inc., Sikh Dharma of
New Mexico, Inc., and Unto Infinity, LLC.

37.

Dated:  October ___, 2008        _____
                                 William Fiers

Dated:  October ___, 2008        _____
                                 Nathaniel Golden

                                 AKAL (on behalf of all Defendants)

Dated:  October ___, 2008        _____
                                 By:_____


APPROVED AS TO FORM AND CONTENT:

Dated:  October 15, 2008         FOULSTON SIEFKIN LLP

                                 /s/ Boyd A. Byers
                                 By:  Boyd A. Byers
                                 Attorneys for SETTLEMENT CLASS
                                 MEMBERS.

Dated:  October 15, 2008

                                  /s/ Forrest T. Rhodes, Jr.
                                 By: Forrest T. Rhodes, Jr.
                                 Attorneys for SETTLEMENT CLASS
                                 MEMBERS.

Dated:  October 15, 2008         WILLIAMS MULLEN

                                 /s/ Thomas Mason
                                 By:  Thomas Mason
                                 Attorneys for Defendants Akal Security,
                                 Inc.,  KIIT Company, Inc., Sikh Dharma of
                                 New Mexico, Inc., and Unto Infinity, LLC.

Dated:  October 15, 2008

                                 /s/ Karen Doner
                                 By:  Karen Doner
                                 Attorneys for Defendants Akal Security,
                                 Inc.,  KIIT Company, Inc., Sikh Dharma of
                                 New Mexico, Inc., and Unto Infinity, LLC.

37.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  October 15, 2008

SPENCER, FANE, BRITT & BROWNE LLP

*/s/ Jeannie DeVeney*

By:  Jeannie DeVeney

Attorneys for Defendants Akal Security, Inc.,  KIIT Company, Inc., Sikh Dharma of New Mexico, Inc., and Unto Infinity, LLC.

38.